James D. Williams, trading as Williams Grain Company, Defendant in Error, v. Joseph Krug, Plaintiff in Error.

### Gen. No. 21,134.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1915. Reversed with judgment of *nil capiat*. Opinion filed January 17, 1916.

### Statement of the Case.

Action by James D. Williams, trading as Williams Grain Company, plaintiff, against Joseph Krug, defendant, to recover the purchase price of goods sold and delivered. From a judgment for the defendant, the plaintiff prosecutes a writ of error.

There was no personal equation between the parties to the transaction nor any prior dealings between them. The order on which the oats, etc., were delivered was by telephone, but the person who gave the order, if any was given, remains unidentified. No attempt was made to verify the order, but the oats, bran, etc., were delivered not to defendant but at a barn near 3927 Prairie avenue, Chicago, where three other Krugs—William, George and Henry—kept horses. The receipts for the oats offered in evidence were signed neither by defendant nor by any person authorized by or acting for him. Furthermore, the testimony demonstrated that at the time the oats, grain, etc., were delivered by plaintiff, defendant had a contract with another firm for these commodities, which were supplied by said firm to defendant regularly during that time.

L. A. SHERWIN, for plaintiff in error.

PATTISON & SHAW, for defendant in error; DOUGLAS C. GREGG, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 329*—*when sending of bills and retention thereof not evidence of liability for goods.* Where, in an action for the purchase price of goods sold and delivered, there is no evidence that the defendant contracted therefor and it appears that he, in fact, did not receive them, the mere sending to him of bills therefor by the plaintiff and the defendant's retention of them is of no value as evidence of the defendant's liability to pay for such goods.

2. CONTRACTS, § 69*—*when no right of action exists at law.* The law affords no relief for simply moral claims, as distinguished from legal claims.

3. SALES, § 329*—*when evidence insufficient to sustain judgment.* In an action for goods sold and delivered evidence *held* insufficient to sustain a judgment for the plaintiff.

---

**Joseph Guzik, Defendant in Error, v. Malgorzata Tomczak and John Tomczak, Plaintiffs in Error.**

**Gen. No. 21,192.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed January 17, 1916.

## Statement of the Case.

Action by Joseph Guzik, plaintiff, against Malgorzata Tomczak and John Tomczak, defendants, owners of premises leased by plaintiff, for damages for unlawfully entering upon the leased premises and making repairs. From a judgment for plaintiff, defendants appeal.

L. J. HAIGLER, for plaintiffs in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.